IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEKSystems, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case 15 C 8242 |
| | ) |
| Michael Bawcum, Sharam Khosravipour, | ) |
| and WunderLand Group, LLC, | ) |
| | ) |
| Defendants. | ) |

ORDER

TEKSystems' motion to dismiss voluntarily without prejudice is granted with the condition explained below. TEKSystems concedes that its motion is not properly brought under the rule it invokes, Fed. R. Civ. P. 41(a)(1), because dismissal under that provision requires "a stipulation of dismissal signed by all parties who have appeared," and defendants do not consent to dismissal without prejudice. Acknowledging the error, plaintiff asks in its reply that I construe its motion instead as a Rule 12(h)(3) motion. But that rule—captioned "Waiving and Preserving Certain Defenses"—is likewise inapplicable on its face, as it merely provides that a *defense* asserting lack of subject-matter jurisdiction may be raised at any time in the litigation. Defendants have not challenged subject matter jurisdiction, and in

fact assert affirmatively that the amount in controversy exceeds $75,000 and that all other jurisdictional requirements are met.

More importantly, plaintiff's argument that the case should be dismissed for lack of jurisdiction because "changed circumstances" mean that the amount in controversy no longer exceeds $75,000 finds no support in the law. Indeed, "[i]t is well established that the requirements for diversity jurisdiction must be satisfied only at the time a suit is filed." *Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997) (continuing, "if the amount in controversy exceeds the jurisdictional amount when a suit is filed in federal court, the fact that subsequent events reduce the total amount in controversy will not divest the court of diversity jurisdiction."). In any event, plaintiff's assertion that Bawcum's dismissal from the case reduced the amount in controversy below $75,000 is unpersuasive considering plaintiff's allegations and claim for relief against the remaining two defendants, particularly since Khosravipour has returned to work at Wunderland.

Meanwhile, it is clear that defendants—particularly Mr. Khosravipour, who was enjoined from working for over a month—would be prejudiced if plaintiff were allowed to drop this suit, then turn around and refile it anew when defendants have already been forced to engage in expedited discovery (at plaintiff's insistence), to respond to a preliminary injunction motion that

2

plaintiff later withdrew, and to incur the expense of filing a motion to compel, which—though granted—has not resulted in the production of the discovery sought.[1]

In defendants' view, these circumstances warrant dismissal with prejudice pursuant to Rule 41(a)(2), which authorizes dismissal by court order "at the plaintiff's request...on terms that the court considers proper." Plaintiff objects to this outcome, of course, insisting that if I deny its motion to dismiss without prejudice, I must instead grant plaintiff leave to amend its complaint and set a case management conference "to work out an appropriate way to manage the litigation such that the resources expended are proportional to the amount in controversy." Reply at 14. In view of the course these proceedings have taken so far, however, and of plaintiff's admissions that it has "no evidence that Khosravipour has physically removed documents, files or confidential information from TEKsystems," and that Khosravipour did not attend or participate in any of the meetings, phone calls, or emails in which allegedly confidential information was discussed, *see* Def.'s Opp., Exh. C, at ¶¶ 5-7, 12-13, I am not inclined to grant plaintiff's bald request for another bite at the

---

[1] I am mindful that defendants were also ordered to respond to certain of plaintiff's discovery requests, and that plaintiff claims they have not done so. That both parties have been remiss in complying with my discovery orders does not, however, negate the prejudice to defendants if plaintiff were allowed to re-start its case against them in another venue.

apple. Indeed, while it is true that this case is not in an advanced stage of proceedings, plaintiff's motions for a TRO and a preliminary injunction meant a greater-than-usual level of activity (and attendant legal fees) early on. Meanwhile, plaintiff's in-court admissions and discovery responses suggest that its case against the remaining defendants is tenuous, at best.

Nevertheless, while courts have broad discretion in dismissing cases pursuant to Rule 41(a)(2), *see Ratkovich v. Smith Kline*, 951 F.3d 155 (7th Cir. 1991), and "a district judge may convert a dismissal sought to be entered without prejudice to one with prejudice," *Gravatt v. Columbia University*, 845 F.2d 54, 56 (2d Cir. 1988), the Seventh Circuit has held that district courts must first give plaintiffs notice and an opportunity to withdraw their motion before doing so. *Marlow v. Winston & Strawn*, 19 F.3d 300 (7th Cir. 1994); *see also Michigan Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010) (plaintiff must be afforded notice and an opportunity to be heard in opposition to dismissal with prejudice, and an opportunity to withdraw request for voluntary dismissal). Instead, where a court is persuaded—as I am here—that the defendants would be prejudiced if the plaintiff were allowed to dismiss its case unconditionally only to start anew in another venue, it "[t]ypically...imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has

4

incurred in defending the suit, which usually includes reasonable attorneys' fees." *Marlow*, 19 F.3d at 303 (referring to such conditions as "the quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again."). *See also Cauley v. Wilson*, 754 F.2d 769, 772 (1985) ("Rule 41(a)(2) permits the district court to condition a voluntary dismissal without prejudice on payment of attorneys' fees to the defendant.").

To avoid the possibility of subjecting defendants to "duplicative legal expenses," 754 F.2d at 772, courts often invoke Rule 41(d) to impose costs if the plaintiff later refiles an action "based upon or including the same claim." *National Shopping Plazas, Inc. v. Su Han*, No. 03 C 1646, 2005 WL 331562, at *3 (N.D. Ill., Feb. 9, 2005) (Manning, J.) (quoting Rule 41(d) and citing *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000)). *See also Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2001) (district court within its discretion to dismiss without prejudice where it "attached the condition that, should [plaintiff] re-file her action, the court should award costs to [defendant] pursuant to Rule 41(d)").

Here, the obvious procedural, legal, and factual shortcomings in plaintiff's motion strongly suggest that plaintiff's primary reason for seeking dismissal is to shop for a more hospitable forum for its claims. Accordingly, I grant plaintiff's motion

with the condition that if it refiles an action based upon or including the same claims asserted here, it will be required to pay the costs of this action, which may include reasonable attorneys' fees. *See Louisiana Holdings, LLC v. Arrowsmith*, No. 11 C 5031, 2012 WL 6061710, at *10 (N.D. Ill. Dec. 4, 2012) (Castillo, J.) (attorneys' fees may be included among costs imposed under Rule 41(d) in cases of bad faith, vexatious litigation, or forum shopping); *Tindall Corp. v. Mondelez Int'l, Inc.*, No. 14 C 5196, 2015 WL 996847 (same).[2]

                                         **ENTER ORDER:**

                                         _____
                                         **Elaine E. Bucklo**
                                         United States District Judge

Dated: January 15, 2016

---

[2] I intend to retain jurisdiction to ensure compliance with these conditions. *See generally McCall-Bey v. Franzen*, 777 F.2d 1178 (7th Cir. 1985) (judge may retain jurisdiction pursuant to dismissal under Rule 41(a) and should clearly express intent to do so).